**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


**TRISHA KATHLEEN ELDER,**

       **Plaintiff,**

  **v.**                                          **Civil Action 2:20-mc-19**
                                                    **JUDGE EDMUND A. SARGUS, JR.**
                                                    **Magistrate Judge Chelsey M. Vascura**

**CARLA CARPENTER,** *et al.***,**

       **Defendants.**


## ORDER

This matter is before the Court for consideration of Plaintiff Trisha Kathleen Elder's

Motion/Petition to Confirm Arbitration Award.  (ECF No. 1).  It appears that Plaintiff seeks this

Court's enforcement of an arbitration award that she purportedly obtained against the Ohio

Department of Jobs and Family Services ("ODJFS").  (*Id.*).  Plaintiff asserts that this Court has

jurisdiction over this matter pursuant to 28 U.S.C. § 1332; however, that statute governs actions

between parties of diverse citizenship, and Plaintiff's Motion states that "this dispute is between

citizens of the same state."  (Mot. 2, ECF No. 1).  The diversity jurisdiction requirements of

§ 1332 are therefore not met.

Further, the Court can discern no basis to exercise federal question jurisdiction over

Plaintiff's Motion.  Although Plaintiff asserts that the Motion is filed pursuant to the Federal

Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), the award Plaintiff seeks to confirm does not

appear to be a valid arbitration award.  Plaintiff contends she entered into a contract containing

an arbitration clause with ODJFS, and that she successfully arbitrated a breach of that contract,

resulting in a monetary award of over $400,000 and an order that Plaintiff's children be returned to her.  (ECF No. 1, PAGEID #81–82, 88).  However, the contracts she attaches to her motion bear no indication that ODJFS ever agreed to their terms.  (ECF No. 1, PAGEID #20–75). Further, the purported arbitration award was entered by Online Contract Arbitration ("OCA"), a service that purports to provide parents with desk arbitrations to regain custody of their children from state agencies like ODJFS as an alternative to proceedings in family court.  (*See* www.onlinecontractarbitration.com).  OCA's website directs users to www.getmychildrenback.com, which inaccurately states that parents can create and enter into a "conditional contract" with a state agency, without the state agency's assent.  Parents are advised to allow the state agency to "default" on the conditional contract, and then take their claim for breach of contract to arbitration with OCA.  Because Plaintiff has not asserted or demonstrated that the contracts on which she relies for their arbitration provisions were ever assented to by ODJFS, those contracts, and any arbitration award purportedly arising out of them, are not binding on ODJFS.  There is also no indication that, even if valid, the contracts in question "evidenc[e] a transaction involving commerce" falling within the purview of the Federal Arbitration Act.  9 U.S.C. § 2.

As a result, the Court finds that it lacks either diversity or federal question subject-matter jurisdiction over Plaintiff's Motion.  This action is therefore **DISMISSED** *sua sponte* pursuant to Federal Rule of Civil Procedure 12(h)(3).

**IT IS SO ORDERED.**


7/1/2020                                          s/Edmund A. Sargus, Jr.
**DATE**                                         **EDMUND A. SARGUS, JR.**
                                                 **UNITED STATES DISTRICT JUDGE**

2